# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5484 | **DATE** | 1/21/2004 |
| **CASE TITLE** | Luis Trujillo et al. vs. Sauber Painting & Decorating et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation is hereby submitted to Judge Conlon. The Petition of Schoenberg, Fisher, Newman & Rosenberg, Ltd. for Issuance of Report and Recommendation [#115] is hereby granted; and it is recommended that the district court deny, as moot, Petition of Schoenberg, Fisher, Newman & Rosenberg, Ltd. for entry of a Rule to Show Cause.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 22 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 130 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 0042 | |
| | | | date mailed notice | |
| | FT/sccy | courtroom deputy's initials | on JAN 12 PM 5:14 Date/time received in central Clerk's Office | TF mailing deputy initials |

DOCKETED
JAN 2 2 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUIS TRUJILLO, and all others )
similarly situated, )
 )
                                            )   No. 02 C 5484
               Plaintiffs, )
 )  Judge Suzanne B. Conlon
      v. )
 )  Magistrate Judge
SAUBER PAINTING & DECORATING, INC.,)  Arlander Keys
and BOB SAUBER, )
 )
               Defendants. )

TO:  THE HONORABLE SUZANNE B. CONLON
     UNITED STATES DISTRICT JUDGE

## REPORT AND RECOMMENDATION

This is a case about overtime compensation. Luis Trujillo sued Bob Sauber and his company, Sauber Painting & Decorating, Inc. (collectively referred to as "Sauber"), because of Sauber's failure to pay Trujillo and other employees for overtime, in violation of the Fair Labor Standards Act. These facts bear repeating at the outset because the matter presently before the Court has absolutely nothing to do with overtime compensation or the FLSA. Indeed, Trujillo's claim was resolved last August, when Judge Conlon entered judgment in favor of Trujillo and against Sauber. The case is here now on a Petition by Sauber's former attorneys, Schoenberg, Fisher, Newman & Rosenberg, Ltd. ("SFNR"), asking the Court to issue a Report and Recommendation on what the Court believed to be a dead issue.

130

On December 12, 2002, Judge Conlon granted SFNR leave to withdraw as counsel for Sauber, and ordered SFNR to turn over all files in the case to new defense counsel. SFNR balked at the order – Sauber had apparently failed to pay SFNR's bills – and Judge Conlon referred the case to this Court "to determine what the retaining lien amount is for this case only, and whether defendants should be required to post a bond." Minute Order dated December 16, 2002. On March 20, 2003, the Court issued a Report and Recommendation on those issues. The Court found that a bond was appropriate, and recommended that the defendants be compelled to post a bond in the amount of $13,012.20. That recommendation was based, at least in part, on the fact that Sauber was continuing to press SFNR to produce its file. Neither party filed objections to the Court's recommendation, and Judge Conlon adopted it in a minute order dated May 15, 2003. Thereafter, the case proceeded to trial before Judge Conlon, who ultimately entered judgment against Sauber in the amount of $51,461.80. See Final Judgment Order entered June 9, 2003.

On August 5, 2003, SFNR presented before Judge Conlon a Petition for Entry of a Rule to Show Cause, seeking to hold Sauber in contempt for failing to post the $13,012.20 bond. Judge Conlon granted the petition and referred the rule to show cause to this Court for a report and recommendation. Unfortunately, and perhaps owing to the high number of other

petitions for rule to show cause filed in this case in connection with the plaintiffs' attempts to collect on the judgment, SFNR's petition seemed to slip through the cracks until November 3, 2003--five months after judgment was entered--when SFNR petitioned the Court to issue a report and recommendation on the August 5, 2003 Petition. Throughout this time, the plaintiffs and the defendants were engaged in an extraordinary amount of legal wrangling involving Trujillo's attempts to collect on the judgment entered in his favor and Sauber's apparent attempts to prevent Trujillo from being able to collect on that judgment. By December 11, 2003, Sauber had finally satisfied the judgment.

Given the fact that Judge Conlon's order was never enforced against SFNR, and given the fact that Sauber had long since stopped pressing SFNR to surrender its file, the Court had assumed that SFNR's petition was moot. Recently, however, SFNR indicated that it believes otherwise. The purpose of this opinion is to resolve the matter once and for all.

An attorney's retaining lien, which is what SFNR has, "is a possessory lien that merely gives the attorney a right to retain the client's property and cannot be actively enforced by judicial proceeding." *Upgrade Corp. v. Michigan Carton Co.*, 87 Ill. App. 3d 662, 664-65, 410 N.E.2d 159, 161 (Ill. App. Ct. 1980). Sometimes, as here, a Court may order an attorney to turn over property subject to a retaining lien because the production of

such property is perceived to be necessary to the resolution of the lawsuit in which the attorney was previously involved. In such a case, courts may require the former client to post a bond to secure the release of that property. This procedure allows the lawsuit to move forward without compromising the attorney's position concerning his right to be paid. In this case, the Court believed that the production of SFNR's file was necessary to the ultimate resolution of the overtime compensation dispute between Trujillo and Sauber, so it ordered SFNR to produce the file; at the same time, recognizing that SFNR likely had a valid dispute with Sauber concerning attorneys' fees, the Court ordered Sauber to post a bond to secure the release of the file. All of this made sense in the context of the ongoing litigation. As it turned out, however, the FLSA dispute was resolved without SFNR's file being produced. Judgment has entered. SFNR is no longer being asked to turn over its file, and the initial purpose behind the bond order no longer holds. Thus, the Court's orders on these issues would seem to be moot.

As noted above, SFNR argues otherwise. And in doing so, it hangs its hat on something the Court said in a prior minute order: responding to a claim by Sauber that he should not be required to post a bond because he no longer wanted the file, the Court noted that Sauber could not avoid posting a bond because SFNR had already turned over some documents from its file. But,

4

as set forth above, things were different when that order issued. At the time, contrary to his representations, Sauber was still pushing SFNR to produce its file, and, at the time, SFNR's production of its file appeared to be necessary for the ultimate resolution of the case. Neither of those things is true now.

It is true, of course, that the resolution of the overtime dispute does not resolve the dispute SFNR has with Sauber concerning attorneys' fees. And, based on the tactics Sauber employed in trying to prevent Trujillo from collecting on his judgment, the Court has every reason to think that Sauber is trying to dodge SFNR's collection efforts. But SFNR's fee dispute has never been before this Court. Moreover, given the posture of this case, an order enforcing the Court's prior bond order would be tantamount to judicial enforcement of SFNR's retaining lien, and that is inappropriate. *See Upgrade Corp.*, 87 Ill. App. 3d at 664-65, 410 N.E.2d at 161. Accordingly, the Court recommends that the district court decline to award SFNR the relief it seeks.

## CONCLUSION

For the reasons set forth above, the Court hereby grants SFNR's Petition for Issuance of Report and Recommendation and recommends that the district court deny, as moot, SFNR's Petition for entry of a Rule to Show Cause. Alternatively, the Court recommends that the district court decline to hold Sauber in

contempt based upon his failure to post a bond to secure SFNR's retaining lien.

Dated:     January 21, 2004

RESPECTFULLY SUBMITTED:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Suzanne B. Conlon.  See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  Failure to object constitutes a waiver of the right to appeal.  *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).